**quinn emanuel** trial lawyers | new york

295 5th Avenue, New York, New York 10016-7103 | TEL (212) 849-7000 FAX (212) 849-7100

WRITER'S DIRECT DIAL NO.
**(212) 849-7148**

WRITER'S EMAIL ADDRESS
**davidmader@quinnemanuel.com**

September 4, 2026

Provisional sealing is granted.
SO ORDERED
[signature]
USDJ
9-17-26

**<u>VIA ECF</u>**

Hon. P. Kevin Castel
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: <u>STATS LLC v. Microsoft Online, Inc., No. 1:26-cv-5654 (S.D.N.Y.)</u>

Dear Judge Castel:

We represent Plaintiff STATS LLC ("Stats") in the above-captioned proceeding. Pursuant to Section 5(B) of Your Honor's Individual Practices in Civil Cases and the Court's Standing Order, 19-mc000583, and the ECF Rules & Instructions § 6, we write to request approval for the sealed filing of Plaintiff's Memorandum of Law in Opposition to the Motion to Dismiss (Dkt. 16) filed by Defendant Microsoft Online, Inc. ("Microsoft"). I have conferred with counsel to Microsoft, who has confirmed that Microsoft consents to the proposed sealing and redaction described herein.

This proceeding relates to a commercial dispute between the parties arising out of a data license agreement. Recognizing the presumptive public right of access to judicial proceedings, Stats has made almost all of the terms of the parties' agreement public, including through the filing of an excerpted copy of the agreement on the public docket in connection with the filing of its Complaint (Dkt. 1). However, Stats sought and obtained leave of court to file the Complaint and agreement under seal, and to publicly file a lightly redacted version of those documents, in order to maintain the confidentiality of commercially sensitive information regarding the quantum of fees and certain termination amounts agreed between the parties. *See ABC v. DEF*, No. 1:26-mc-00325-JPC (Dkt. 5).

Stats now respectfully requests leave to file under seal, and publicly redact, a subset of that sealed material. Specifically, in opposing Microsoft's motion to dismiss, Stats intends to quote a provision of the parties' contract that contains certain negotiated termination fee amounts. The proposed redactions are minimal, amounting to just a handful of numbers in Plaintiff's

Case 1:26-cv-05654-PKC Document 24 Filed 09/04/26 Page 2 of 2

memorandum. *See Leonard as Tr. of Poplawski 2008 Ins. Tr. v. John Hancock Life Ins. Co. of N.Y.*, No. 1:18-cv-4994-AKH, 2020 WL 1547486, at *1 (S.D.N.Y. Mar. 31, 2020) (granting motion to seal resulting in redaction of "only a handful of phrases" where "the proposed redactions are no broader than necessary to protect the compelling interest at stake"). The public interest in those numbers is minimal, and courts in this Circuit routinely permit such sensitive financial information to be redacted. *See, e.g.*, *Am. Railcar Indus., Inc. v. Gyansys, Inc.*, No. 1:14-cv-8533-AJN, 2017 WL 11501880, at *2 (S.D.N.Y. May 8, 2017) (permitting plaintiff to redact "contractual pricing terms" to "preserve the parties' commercial interests"). By contrast, Stats has a strong interest in the continued confidentiality of competitively and commercially sensitive information relating to the licensing of its valuable data. *See, e.g.*, *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, No. 1:14-md-2542-VCB, 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) ("[C]ourts in this District have permitted the redaction of confidential information such as sales and pricing data on the grounds that its disclosure would work a competitive harm on the disclosing enterprise.").

Stats therefore respectfully requests that the Court enter an order sealing Stats' unredacted memorandum of law in opposition to the motion to dismiss, and permitting Stats to file a redacted version of its memorandum on the public docket.

Respectfully submitted,

QUINN EMANUEL URQUHART & SULLIVAN, LLP



David Mader